IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BRIAN HODGE, on behalf of himself
and all others similarly situated,**

     **Plaintiff,**

**v.**                                     **Case No.** 5:24-cv-00177

**SYNERGY INSPECTIONS, LLC
and FIRMSO, LLC**

     **Defendants.**

## CLASS ACTION COMPLAINT

COMES NOW Brian Hodge, on behalf of himself and all others similarly situated, and for this class action against Synergy Inspection, LLC and FIRMSO, LLC, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

2. Plaintiff brings this action on his own behalf and behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. Venue is proper s Synergy Inspection, LLC, ["Synergy"] and FIRMSO, LLC transact business within the Southern District of West Virginia, Beckley Division, and a substantial part of the allegations set forth herein occurred in the Southern District of West Virginia.

## PARTIES

4. Plaintiff, Brian Hodge, at all times herein was an employee of the Defendants, working primarily in Raleigh County, West Virginia.

5. Plaintiff, Brian Hodge, brings this action on behalf of a class of similarly situated individuals.

6. Mr. Hodge and others similarly situated are "aggrieved employee[s]" under 29 U.S.C. § 2104(a)(7).

7. Mr. Hodge and others similarly situated are "affected employees" under § 2101(a)(5).

8. Defendant Synergy and Defendant FIRMSO are domestic corporations that, at all times relevant hereto, were conducting business throughout West Virginia.

9. Defendant Synergy and Defendant FIRMSO, are "employer[s]" under 29 U.S.C. §2101(a)(1).

## FACTS

10. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint.

11. Defendants employed Mr. Hodge and others at multiple sites of employment in West Virginia until March 15, 2024.

12. On March 15, 2024 Defendants terminated Mr. Hodge and all other employees.

13. The termination was effective immediately.

14. Defendants failed to provide a 60-day "WARN" Act notice.

15. There were no "unforeseen business circumstances" that required termination of Plaintiff and others without notice.

16. There were sufficient employees affected by Defendants' actions and/or inactions, and joinder of all member is impracticable, so as to meet the numerosity requirement of Rule 23.

17. A class action is superior as to other available methods for fairly and efficiently adjudicating this controversy so as to meet the superiority requirement of Rule 23.

18. Questions of law and fact are common to the class so as to meet the commonality requirement of Rule 23.

19. These questions of law and fact are common to class members so as to predominate over any questions affecting individual members of the class so as to satisfy the predominance requirement of Rule 23.

20. The claims of Plaintiff are typical of the claims of the class so as to meet the typicality requirement of Rule 23.

21. Plaintiff will fairly and adequately represent the interests of the class so as to meet the adequacy of representation requirement of Rule 23.

22. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudication that would establish incompatible standards of conduct for the party opposing the class.

23. Prosecuting separate actions by the class members would be dispositive of interest of other members not parties or would substantially impair or impede their ability to protect their interests.

24. Plaintiff proposes a class definition of "all employees of each Defendant, at any work site or location in West Virginia, who were entitled to and did not receive proper WARN notice".

## COUNT I
### Violation of the WARN Act, 29 U.S.C. § 2101-2109

25. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint.

26. The Defendants employed over 100 full-time employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours.

27. Both Defendants were an employer of Plaintiff and others as defined under 29 U.S.C. § 2101 (a)(l)(A) and (B).

28. The "mass layoff' and/or anticipated shutdown ("plant closing") effective March 15, 2024, as those terms are defined under 29 U.S.C. § 2101 (a)(2) and (3), would result in "employment losses" for more than 50 of Defendants' employees as that term is defined under 29 U.S.C. § 2101 (a)(6).

29. Plaintiff and others that were not provided a WARN Act Notice are "affected employees" within the meaning of 29 U.S.C. § 2101 (a)(5).

30. Of these affected employees, Plaintiff and others suffered an employment loss on March 15, 2024.

31. Defendants failed to give at least 60 days advance notice to all "affected employees" of their terminations as required by 29 U.S.C. § 2102(a)(l).

32. Defendants were not entitled to a reduction of the 60-day notification period under 29 U.S.C.§ 2102(b) because the plant closing and/or mass layoff described herein were not due to unforeseen business circumstances.

33. A reduction of the 60-day notification period under 29 U.S.C. § 2102(b) was not warranted for any other reason.

34. Defendants failed to pay Plaintiff and others sixty days pay and benefits owed to them under the WARN Act between the dates of March 15, 2024 and May 15, 2024.

35. Plaintiffs are entitled to the value of their wages and benefits for the 60-day period.

36. Plaintiffs are entitled to a civil penalty for each violation.

37. Plaintiffs are entitled to reasonable costs and attorney fees.

WHEREFORE, Plaintiffs are entitled to and seek relief in the form of:

1. Compensatory damages;

2. Civil penalties;

3. Liquidated damages;

4. Attorney costs and fees; and

5. All such other and further relief as the Court deems just and proper.

Plaintiffs demand a trial by jury.

                                        BRIAN HODGE, on behalf of himself and
All others similarly situated,

By Counsel

/s/       Greg A. Hewitt
Greg A. Hewitt (WVSB 7457)
HEWITT & SALVATORE, PLLC
109 E. Main Street, Suite 200
Beckley, WV  25801
Phone:   304-574-0272
Fax:       304-578-5345
ghewitt@hewittsalvatore.com

and

/s/         Anthony Majestro
Anthony Majestro (WVSB 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite 1200
Charleston, WV 25301
Phone:   304-346-2889
Fax:       304-346-2895
amajestro@powellmajestro.com